NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR SAMUEL BRITO,

Defendant - Appellant.

No. 24-3709

D.C. No.
4:23-cr-02249-RM-MAA-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted May 16, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Victor Samuel Brito (Brito) appeals his conviction, after a jury trial, for

escape from custody in violation of 18 U.S.C. § 751(a) and 18 U.S.C. § 4082. We

affirm Brito's conviction.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** Reviewing *de novo*, we conclude that the district court did not err in precluding Brito from presenting a necessity defense at trial. *See United States v. Barnes*, 895 F.3d 1194, 1199 (9th Cir. 2018). "A defendant is entitled to present evidence on a necessity defense and have the jury instructed accordingly once he has adequately established—through an offer of proof—that all four requisite factors are met: (1) he was faced with a choice of evils and chose the lesser evil; (2) he acted to prevent imminent harm; (3) he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) there were no other legal alternatives to violating the law." *Id.* at 1204 (citation, footnote reference, and internal quotation marks omitted).

Brito failed to sufficiently proffer that "there were no other legal alternatives to" escaping from custody at a residential center to assist his girlfriend, who was threatening to harm herself and their unborn child. *Id.* As the district court correctly determined, Brito did not attempt to seek a welfare check, or contact his girlfriend's family or friends to aid his girlfriend in lieu of escaping from custody. At trial, Brito acknowledged that he did not "call anybody" to assist his girlfriend. Thus, Brito was not entitled to a necessity defense because he did not pursue "other legal alternatives" prior to escaping from custody. *Id.*

**2.** The district court did not abuse its discretion in denying Brito's motion for a mistrial premised on prosecutorial misconduct. *See United States v.*

*Cardenas-Mendoza*, 579 F.3d 1024, 1029 (9th Cir. 2009). Brito maintains that the prosecutor engaged in misconduct when she impermissibly argued in rebuttal that Brito failed to "present evidence of a necessity defense." However, the prosecutor appropriately responded to Brito's closing argument implying that the government failed to prove that Brito voluntarily decided not to return to the residential center. The prosecutor did not otherwise maintain that Brito failed to present evidence of necessity. *See United States v. Shih*, 73 F.4th 1077, 1099 (9th Cir. 2023) (explaining that "[a] prosecutor may respond in rebuttal to an attack made in the defendant's closing argument") (citation omitted).[1]

Even if the prosecutor's rebuttal was improper, "[a] district court does not abuse its discretion in denying a mistrial where the prosecutor's improper statement is not prejudicial." *Cardenas-Mendoza*, 579 F.3d at 1030 (citation omitted). Irrespective of the prosecutor's rebuttal, the evidence was overwhelming that Brito voluntarily decided not to return to the residential center, that Brito did not seek any legal alternatives to assist his girlfriend, and that Brito's arrest occurred approximately one week after his escape from the residential center, after his mother contacted the police because Brito started hallucinating due to drug use.

---

[1] Brito's reliance on *United States v. Vavages*, 151 F.3d 1185 (9th Cir. 1988) is misplaced. Unlike the prosecutor's rebuttal to Brito's closing argument, the prosecutor in that case "intimidated a witness into refusing to testify, then capitalized on his misconduct during his closing argument by emphasizing that witness' failure to appear." *Id.* at 1191.

As a result, no mistrial was warranted.  *See Shih*, 73 F.4th at 1099.

**AFFIRMED.**